FILED
2024 JUN 21 PM 4:26
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| IN RE APPLICATION OF THE )<br>UNITED STATES OF AMERICA )<br>FOR AN ORDER AUTHORIZING THE )<br>INSTALLATION AND USE OF PEN )<br>REGISTERS AND TRAP AND TRACE )<br>DEVICE CONCERNING TELEPHONE )<br>NUMBER ▇▇▇▇▇▇ )<br>) | MISC. NO. 4:24-mj-00053 PK<br><br>**Filed Under Seal**<br><br>**SEALED** |

### ORDER

Stephen Dent, Assistant United States Attorney for the District of Utah (the applicant), has submitted an application on behalf of the United States, pursuant to 18 U.S.C. §§ 3122-24 and 18 U.S.C. § 2703(d), requesting that the Court issue an order authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") on the T-Mobile cell phone number ▇▇▇▇▇▇ believed to be used by BRIAN GARRY SEWELL, (the "target cell phone"), and other dialing, routing, and signaling information that may be associated with communications to or from the target cell phone, as described in Attachment A to this Order.

The Court finds:

1. The applicant is an attorney for the government and has certified that the information likely to be obtained from such installation and use is relevant to an ongoing criminal investigation being conducted by the Federal Bureau of Investigation (FBI) of SEWELL for possible violations of 18 U.S.C. § 1343, 18 U.S.C. § 1960 and similar statutes.

2. The United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to the same ongoing criminal investigation.

3.  There is reason to believe that notifying any other person, including the subscriber(s) of the target cell phone, of the existence of this application and Order, the resulting pen-trap devices, or this investigation, except as necessary to effectuate the Order, will seriously jeopardize the ongoing investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. §§ 3123-24, that the applicant and the FBI may, for a period of thirty days from the date of installation of the pen-trap devices, install and use pen-trap devices to collect dialing, routing, addressing, and signaling information for each communication to or from the target cell phone, as described in Section II(a) of Attachment A, without geographic limit.

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 2703(d) and 18 U.S.C. §§ 3122-24, the applicant and the FBI are authorized to acquire, during the same thirty-day period, all information requested in Section II(a) of Attachment A, without geographic limit.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that T-Mobile and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service.

IT IS FURTHER ORDERED that the FBI reasonably compensate T-Mobile and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order.

IT IS FURTHER ORDERED that the FBI and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

IT IS FURTHER ORDERED that T-Mobile and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the FBI of any changes relating to the target cell phone, including changes to subscriber information, and provide prior notice to the applicant and the FBI before terminating or changing service to the target cell phone.

IT IS FURTHER ORDERED that T-Mobile and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not disclose in any manner, directly or indirectly, by any action or inaction, including to the subscriber(s) of the target cell phone, identified above, the existence of this application and Order, the resulting pen-trap devices, or the underlying investigation, except as necessary to effectuate the Order, unless and until authorized by this Court. *See* 18 U.S.C. § 2705(b) and 18 U.S.C. § 3123(d)(2).

IT IS FURTHER ORDERED that this Order and the application for this Order be sealed until further order of this Court.

Dated this  11th  day of June, 2024.

_____
THE HONORABLE PAUL KOHLER
UNITED STATES MAGISTRATE JUDGE